IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02658-WYD-CBS

CHARLES E. BRACK,
    Plaintiff,
v.

JOE ORTIZ, individually and in his official capacity;
AL STANLEY, individually and in his official capacity;
DEB ALLEN, individually and in her official capacity;
THOMAS WATERS, individually and in his official capacity;
MATTHEW HEAP, individually and in his official capacity;
LELAND SIMKINS, individually and in his official capacity;
CINDY JAMISON, individually and in her official capacity;
CHARLES OLIN, individually and in his official capacity; and
JEFF JENKS, individually and in his official capacity,
    Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

The matters before the court are as follows:

1.      Plaintiff's "Motion for TRO and/or Preliminary Injunction Pursuant to **FED.**

      **R. CIV. P.** Rule (sic) 65" [#4], filed December 29, 2005; and

3.      "Plaintiff's Supplemental Motion for TRO and/or Preliminary Injunction"

      [#9], filed January 30, 2006.

Pursuant to the Order of Reference [#26], filed May 16, 2006, this civil action

was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters

. . . and submit proposed findings of fact and recommendations for rulings on

dispositive motions . . . ."  By a Memorandum [#46], dated June 23, 2006, Plaintiff's

1

Motions for Temporary Restraining Orders/Preliminary Injunctions [#4 & #9], were referred to this court for a recommendation.  The court has reviewed the Motions, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.

**I.      Background.**

This is a **42 U.S.C. § 1983** prison inmate civil rights case. Plaintiff Charles Brack ("Plaintiff") is a convicted felon incarcerated in the Colorado Department of Corrections ("CDOC"). Defendants are employees of the CDOC. Specifically, Joe Ortiz is the Executive Director of the CDOC; Al Stanley is the Chairman of the Colorado State Parole Board; Deb Allen is a member of the Parole Board; Thomas Waters is a hearing officer with the Colorado Parole Board; Matthew Heap is a Parole Supervisor; Leland Simpkins is a Parole Officer; and Charles Olin is the Administrator for the CDOC Sex Offender Treatment Program. Plaintiff brings this **42 U.S.C. § 1983** action claiming his rights have been violated as a result of his sex offender classification. Specifically, Plaintiff requests damages and injunctive relief because the Colorado Department of Corrections ("CDOC") classified him as a sex offender and revoked his parole as a result of his refusal/failure to comply with the conditions of parole relating to his sex offender designation.

Plaintiff initially sought a TRO and/or Preliminary Injunction to prevent the imposition of the CDOC's Administrative Regulation 250-48, which imposes certain conditions and limitations on a convicted sex offender upon parole.  Plaintiff was set to

be released on parole on December 23, 2005, and wanted to avoid being subject to

Administration Regulation 250-48.  Plaintiff claimed at the time he filed the motions that

he was an "unadjudicated inmate" who had never been convicted of a sex offense either

by a court or an administrative hearing, and, as such, should not be classified as a sex

offender.  (Mtn TRO/PI [#4], p.1).

**II.      Standard of Review.**

First, *pro se* pleadings are to be construed liberally. ***Haines v. Kerner,*** 404 U.S.

519, 520-21 (1972). However, a *pro se* litigant's "conclusory allegations without

supporting factual averments are insufficient to state a claim upon which relief can be

based." ***Hall v. Bellmon,*** 935 F.2d 1106, 1110 (10th Cir. 1991).

Second, a temporary restraining order may be granted only if "it clearly appears

from specific facts shown by affidavit or by the verified complaint that immediate and

irreparable injury, loss or damage will result to the applicant." **FED. R. CIV. P.**  65(b).

Furthermore, to be entitled to temporary or preliminary injunctive relief, a moving party

must establish: (1) a substantial likelihood of success on the merits of the case; (2)

irreparable injury to the movant unless injunctive relief is provided; (3) the threatened

injury to the movant outweighs the injury that the proposed injunction may cause the

opposing party; and (4) the injunction, if issued, would not be adverse to the public

interest. ***Kikumura v. Hurley,*** 242 F.3d 950, 955 (10th Cir. 2001) (citation omitted).

### III.    Analysis.

### A.    Mootness.

Initially in his request for injunctive relief, Plaintiff sought to avoid being classified as an S4 sex offender.  Before he was paroled, Plaintiff was classified as an S4T, with the "T" indicating a temporary classification.  However, after filing his motions for injunctive relief, Plaintiff was paroled on December 23, 2005, and classified as a sex offender upon his release. (Affidavit, January 31, 2006, [#10]).[1]

Before examining the merits of Plaintiff's request, the court must consider whether Plaintiff's motions are moot.  "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Out of Line Sports, Inc. v. Rollerblade, Inc.,* 213 F.3d 500, 501 (10th Cir. 2000) (quoting *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996)).  "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e., where the controversy is no longer live and ongoing ···· a 'plaintiff cannot maintain a[n] ··· injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.,* 43 F.3d 1345, 1348 (10th Cir. 1994), *superceded by statute on other grounds as stated in* *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001) (quoting *Facio v. Jones,* 929 F.2d 541, 544 (10th Cir. 1991)).

---

[1]  Plaintiff's parole has subsequently been revoked.

As applied to this case, the mootness doctrine renders nonjusticiable Plaintiff's request for a temporary restraining order/preliminary injunction to prevent his classification as a sex offender. The court lacks the power to issue the requested relief because Plaintiff has already been labeled as such.   **Accord Green v. Branson**, 108 F.3d 1296, 1300 (10th Cir. 1997) (finding plaintiff's request for prospective injunctive relief moot because he "is no longer a prisoner within the control of the ODC, [and] the entry of a declaratory judgment in Green's favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him").   Therefore, it is recommended that Plaintiff's motions for a temporary restraining order be denied as moot.

### B.      FED. R. CIV. P. 65(a) & (b).

Further, it is recommended that Plaintiff's motions for a temporary restraining order be denied because Plaintiff fails to make the requisite showings under **FED. R. CIV. P. 65**.

**FED. R. CIV. P.  65(a) & (b)** govern preliminary injunctions and temporary restraining orders, respectively.  "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." **Emmis Comm'ns Corp. v. Media Strategies, Inc.**, 2001 WL 111229, *2 (D. Colo. 2001) (citing 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (2d ed.1995)); **see also Sampson v.**

*Murray,* 415 U.S. 61, 86, 94 S. Ct. 937, 39 L. Ed.2d 166 (1974). Because Plaintiff seeks

a temporary restraining order, in addition to a preliminary injunction, and gave notice to

Defendants, his motion is analyzed under preliminary injunction standards.

A preliminary injunction is an extraordinary remedy, and, thus, a court should only

grant such relief where the moving party clearly and unequivocally establishes its

necessity. *See United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla.*

*v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989). In the Tenth

Circuit, a party seeking a preliminary injunction must establish four prerequisites:

(1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the

threatened injury ··· outweighs whatever damage the proposed injunction may cause the

opposing party; (3) the injunction, if issued, would not be adverse to the public interest;

and (4) there is a substantial likelihood [of success] on the merits.  *Schrier v. Univ. of*

*Colo.,* 427 F.3d 1253, 1258 (10th Cir.2005) (citations omitted).

Additionally, "because the limited purpose of a preliminary injunction 'is merely to

preserve the relative positions of the parties until a trial on the merits can be held,'"

three types of preliminary injunctions are disfavored: "(1) preliminary injunctions that

alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary

injunctions that afford the movant all the relief that it could recover at the conclusion of a

full trial on the merits." *Id.* at 1258-59 (citing *Univ. of Tex. v. Camenisch,* 451 U.S. 390,

395, 101 S. Ct. 1830, 68 L. Ed.2d 175 (1981); *O Centro Espirita Beneficiente Uniao*

*Do Vegetal v. Ashcroft,* 389 F.3d 973, 977 (10th Cir. 2004) (en banc) [hereinafter *O*

*Centro* ] ). If a preliminary injunction fits within one of these disfavored categories, the

6

injunction "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259 (citing *O Centro,* 389 F.3d at 975-96).

Status quo is defined as "the last uncontested status between the parties which preceded the controversy⋯" *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.,* 269 F.3d 1149, 1155 (10th Cir. 2001) (citation omitted). "The status quo is not defined by the parties' existing *legal rights;* it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationship may ultimately be found to be in accord or not in accord with the parties' legal rights." *Schrier,* 427 F.3d at 1259 (emphasis in the original) (citations omitted).

Here, Plaintiff seeks to change his classification as a sex offender.  Because Plaintiff's initial request for temporary restraining order/preliminary injunction sought to prevent being labeled as a sex offender, which has already occurred, to grant his request now would alter the status quo.  It is, therefore, a disfavored injunction and must be more closely scrutinized.  *Martinez v. Ortiz L* 2006 WL 771326, *2 -3 (D. Colo. 2006) (Daniel, J.) (finding that Plaintiff's request for preliminary injunction would alter the status quo because the injunction would transform the parties relationship as it existed).

### I.      *Substantial Likelihood of Success on the Merits of the Case.*

Because Plaintiff's requests would alter the status quo, and are disfavored,

Plaintiff "must make a strong showing. . . with regard to the likelihood of success on the merits . . . and may not rely on [a less stringent] modified likelihood-of-success-on-the-merits standard." **Schrier**, 427 F.3d at 1261; **see also Martinez,** 2006 WL 771326, *3. Plaintiff does not explain why he would likely succeed on the merits but, instead, focuses on the irreparable harm he would suffer if required to register as a sex offender. Therefore, Plaintiff has failed to satisfy this prerequisite for issuing a preliminary injunction because he has not established why he would likely succeed on the merits.

### ii.    Irreparable Harm to Plaintiff.

Next, Plaintiff must show that he will suffer irreparable injury if his request for a temporary restraining order/preliminary injunction is denied. "[I]rreparable injury is established 'when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain.'" **Martinez**, 2006 WL 771326, *4 (quoting **Dominion Video**, 269 F.3d at 1156).

Plaintiff claimed at the time of his motions that he was about to be paroled on December 23, 2005. If the temporary restraining order/preliminary injunction was not granted, upon parole, Plaintiff would and did have to register in accordance to Administrative Regulation 250-48 as a sex offender with local law enforcement. Arguably, Plaintiff initially made the showing of irreparable harm of being labeled a sex offender if the requested relief was denied. However, the record before the court demonstrates no present threat of irreparable harm. **See Knutson v. Daily Review,**

*Inc.,* 401 F. Supp. 1374 (D.C. Cal., 1975) ("Injunctive relief is designed to prevent future

wrongs, not to punish past acts.").[2]


### iii.    Balance of Parties' Interests.

Next, Plaintiff must demonstrate whether "the threatened injury. . . outweighs

whatever damage the proposed injunction may cause the opposing party." *Schrier,* 427

F.3d at 1258.  Rather than demonstrating whether the alleged harm to him outweighs

the potential damage the injunction may cause Defendants, Plaintiff merely states: "the

balance of equities favors the injunction."  Given the disfavored nature of Plaintiff's

requested relief and his insufficient allegations with respect to the balance of the parties'

interests, it is recommended that the court find and conclude that Plaintiff has failed to

demonstrate this requisite element.


### iv.    Adverse to Public Interest.

Finally, Plaintiff must also show that "the injunction, if issued, would not be

adverse to the public interest." *Schrier,* 427 F.3d at 1258.  If Plaintiff is indeed a sex

offender allowed to avoid such classification on parole, the damage to the public could

be immeasurable.  Plaintiff fails to demonstrate otherwise.  Because Plaintiff has failed

---

[2]      Plaintiff indicates that he will be released again "on parole on August 30, 2006, . . ."  (Plaintiff's Motion for Extension of Time to Respond to the Defendants' Motion for Dismissal (doc. # 54) at ¶ 3).

to satisfy at least two of the four prerequisites for a court to issue a preliminary injunction, the court should deny Plaintiff's request for a temporary restraining order/preliminary injunction.

Therefore, **IT IS RECOMMENDED** as follows:

1.    Plaintiff's "Motion for TRO and/or Preliminary Injunction Pursuant to **FED. R. CIV. P.** Rule (sic) 65" [#4], filed December 29, 2005, **BE DENIED as moot** and/or **BE DENIED** based on the merits of Plaintiff's arguments under **FED. R. CIV. P. 65;** and

2.    "Plaintiff's Supplemental Motion for TRO and/or Preliminary Injunction" [#9], filed January 30, 2006, **BE  DENIED as moot** and/or **BE DENIED** based on the merits of Plaintiff's arguments under **FED. R. CIV. P. 65.**

## IV.    Advisement to the Parties

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  **28 U.S.C. § 636(b)(1); FED. R. CIV. P.  72(b)**;  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which a specific objection is made. **28 U.S.C. § 636(b)(1)**.  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  ***See In re Griego***, 64 F.3d at 583;  ***U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.***, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  **28 U.S.C. § 636(b)(1)**.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  ***One Parcel of Real Property***, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  ***See Vega v. Suthers***, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  ***One Parcel of Real Property***, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  ***Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys, Inc.***, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had

11

waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980

F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their

right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice

require review).

DATED at Denver, Colorado, this 30th day of August, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge