IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02658-WYD-CBS

CHARLES E. BRACK,

     Plaintiff,

v.

JOE ORTIZ, Individually and in his official capacity;
AL STANLEY, Individually and in his official capacity;
DEB ALLEN, Individually and in his official capacity;
THOMAS WATERS, Individually and in his official capacity;
MATTHEW HEAP, Individually and in his official capacity;
LELAND SIMKINS, Individually and in his official capacity;
CINDY JAMISON, Individually and in his official capacity;
CHARLES OLIN, Individually and in his official capacity; and
JEFF JENKS, Individually and in his official capacity,

     Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion for TRO and/or Preliminary Injunction Pursuant to FED. R. CIV. P. Rule (sic) 65 [#4], filed December 29, 2005, and Plaintiff's Supplemental Motion for TRO and/or Preliminary Injunction [#9], filed January 30, 2006.  Both matters were referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated May 16, 2006.  Magistrate Judge Shaffer issued a Recommendation of United States Magistrate Judge on August 30, 2006,

which is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.

## II.   BACKGROUND

Magistrate Judge Shaffer's Recommendation was mailed to Plaintiff Brack on August 30, 2006.  However, on September 8, 2006, Plaintiff filed a Notice of Change of Mailing Address, alerting the Court that effective August 30, 2006, his address had changed.  On September 11, 2006, I directed the Clerk of the Court to mail the Recommendation to Plaintiff at his new address and gave Plaintiff until September 25, 2006, to file any objections to the Recommendation.  A Certificate of Service filed on September 11, 2006, verifies that the Recommendation was mailed to Plaintiff at his new address on that date.  On September 25, 2006, Plaintiff sought an extension until October 5, 2006, in which to file his objections.  On September 26, 2006, I granted Plaintiff's request for an extension until October 5, 2006.

On October 4, 2006, Plaintiff filed his Objections to Recommendations of Magistrate Judge Re: TRO/Preliminary Injunction [#65], which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

## III.   RECOMMENDATION

Magistrate Judge Shaffer notes that in this prison inmate civil rights case filed under 42 U.S.C. § 1983, "Plaintiff requests damages and injunctive relief because the Colorado Department of Corrections ("CDOC") classified him as a sex offender and

revoked his parole as a result of his refusal/failure to comply with the conditions of parole relating to his sex offender designation." Recommendation at 2.  After laying out the standard for granting temporary or preliminary injunctive relieve, Magistrate Judge Shaffer proceeded to review the merits of Plaintiff's motions.  He stated, "Initially in his request for injunctive relief, Plaintiff sought to avoid being classified as an S4 sex offender.  Before he was paroled, Plaintiff was classified as an S4T, with the "T" indicating a temporary classification.  However, after filing his motions for injunctive relief, Plaintiff was paroled on December 23, 2005, and classified as a sex offender upon his release. (Affidavit, January 31, 2006, [#10])."  *Id.* at 4.  Because Plaintiff had already been classified as a sex offender, Magistrate Judge Shaffer found that the court lacked the power to issue a temporary restraining order or preliminary injunction to prevent Plaintiff's classification as a sex offender and that "the mootness doctrine renders nonjusticiable Plaintiff's request . . . ." *Id.* at 5.

Further, Magistrate Judge Shaffer found that Plaintiff could not make the requisite showings under Federal Rule of Civil Procedure 65 to support his request for a temporary restraining order and/or preliminary injunction. *Id.* at 5-10.  Magistrate Judge Shaffer found that Plaintiff's preliminary injunction alters the status quo, subjecting it to heightened scrutiny. *Id.* at 6-7. Accordingly, the Recommendation finds that Plaintiff failed to satisfy the four prerequisites for issuing a preliminary injunction: (1) [he or she] will suffer irreparable harm unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest;

and (4) there is a substantial likelihood [of success] on the merits. *Id at 7.*

    A.    <u>Mootness</u>

Magistrate Judge Shaffer recommends that Plaintiff's motions for a temporary restraining order be denied as moot. Plaintiff objects that, "'this controversy continues to touch the legal relations' of the parties hereto and there is a good chance of the Plaintiff 'being likewise injured in the future' by these defendants." Objections at 4. The assertion that Plaintiff may be injured in the future by the Defendants is speculative and not persuasive. The Plaintiff was classified a sex offender, and ensuring compliance with that classification is not a future harm but a result of the initial classification. Thus, I agree with Magistrate Judge Shaffer that since the Plaintiff was already classified as a sex offender, the court lacked the power to issue the requested relief. Accordingly, I agree with Magistrate Judge Shaffer that Plaintiff's claims must be dismissed as moot.

    B.    <u>F<small>ED</small>. R. C<small>IV</small>. P. 65(a) & (b).</u>

Plaintiff objects to the Recommendation that his request for relief would change the status quo. He argues that "the status quo is that period between 1996 and May 31, 2005, when the Plaintiff was not classified and supervised as a sex offender." *Id.* at 8. Based on a review of the record, I agree with Magistrate Judge Shaffer that, "[b]ecause Plaintiff's initial request for temporary restraining order/preliminary injunction sought to prevent being labeled as a sex offender, which has already occurred, to grant his request now would alter the status quo." Recommendations at 7. Accordingly, I agree with Magistrate Judge Shaffer's finding that Plaintiff's request is a

"disfavored injunction and must be more closely scrutinized." *Id.*

Additionally, Plaintiff objects to the Recommendation and contends that he satisfies the four prerequisites for issuing a preliminary injunction. First, Plaintiff argues he has suffered an irreparable injury. However, Plaintiff's objection consists of Plaintiff reiterating the facts and arguments from earlier motions and briefs. This is not sufficient to constitute a viable objection. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Accordingly, I agree with Magistrate Judge Shaffer that the record shows no threat of future irreparable harm to the Plaintiff.

Second, Plaintiff asserts that the alleged harm to him outweighs the potential damage the injunction may cause the Defendants. Specifically, Plaintiff argues that his forced participation in the SOTP program and his employment limitations outweigh the Defendants' interest in protecting the public. Objections at 9. I agree with Magistrate Judge Shaffer that given the disfavored nature of Plaintiff's requested relief and his assertions with respect to the balance of the parties' interests, Plaintiff has failed to satisfy this element.

Third, Plaintiff contends that his request is not adverse to the public interest. Plaintiff states that while it is in the public interest to identify and treat sex offenders, ". . . it is equally in the public interest that government officials obey and fairly apply the law . . ." *Id.* at 10. Plaintiff further argues that an ankle monitor or a GPS system will provide enough supervision to protect the public. *Id.* at 11. I am not persuaded. I

agree with Magistrate Judge Shaffer that, "[i]f Plaintiff is indeed a sex offender [and is] allowed to avoid such classification on parole, the damage to the public could be immeasurable."  Recommendation at 9.  I agree with Magistrate Judge Shaffer that Plaintiff has failed to satisfy at least two of the four preliminary injunction prerequisites.  Accordingly, the Recommendation of Magistrate Judge Shaffer is affirmed and adopted.

IV.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Shaffer issued on August 30, 2006 is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the motion is **DENIED**.

Dated:  October 16, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge