IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02658-WYD-CBS

CHARLES E. BRACK,

    Plaintiff,

v.

JOE ORTIZ, Individually and in his official capacity;
AL STANLEY, Individually and in his official capacity;
DEB ALLEN, Individually and in his official capacity;
THOMAS WATERS, Individually and in his official capacity;
MATTHEW HEAP, Individually and in his official capacity;
LELAND SIMPKINS, Individually and in his official capacity;
CINDY JAMISON, Individually and in his official capacity;
CHARLES OLIN, Individually and in his official capacity; and
JEFF JENKS, Individually and in his official capacity,

    Defendants.

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on Defendants' Motion to Dismiss [# 47], filed July 3, 2007, by Defendants Joe Ortiz, Al Stanley, Deb Allen, Thomas Waters, Matthew Heap, Leland Simpkins, and Charles Olin.  Defendants Cindy Jamison and Jeff Jenks were not parties to this Motion to Dismiss and have not filed their own motions to dismiss at this time.  The matter was referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated July 5, 2006.  Magistrate Judge Shaffer issued a Recommendation of United States Magistrate Judge on November 22, 2006, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

72(b); D.C.COLO.LCivR. 72.1.  Magistrate Shaffer recommends therein that the Defendants' Motion to Dismiss be granted.

On December 26, 2006, Plaintiff filed his Objections to Recommendation of Magistrate Judge Re Qualified Immunity and the PLRA [# 76].  Because the nature of the matter is dispositive, the Plaintiff's Objections necessitate a *de novo* determination of the specified proposed findings or recommendations to which Plaintiff objects.   FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

## II.   RECOMMENDATION

Magistrate Judge Shaffer notes that in Plaintiff's prison inmate civil rights case, filed under 42 U.S.C. § 1983, "Plaintiff requests damages and injunctive relief because CDOC[1] classified him as a sex offender and revoked his parole as a result of his refusal/failure to comply with the conditions of parole relating to his sex offender designation."  (Recommendation at 3.)  After laying out the standard for reviewing a motion to dismiss, Magistrate Judge Shaffer reviews each of the grounds for dismissal raised in support of the Defendants' Motion to Dismiss.  Based on some of the grounds for dismissal raised, Magistrate Judge Shaffer recommends that Defendants' Motion to Dismiss be granted with regard to this civil action against Defendants Ortiz, Stanley, Allen, Waters, Heap, Simpkins, and Olin.

Plaintiff objects to the following three grounds for dismissal relied upon by Magistrate Judge Shaffer: (1) that qualified immunity bars suit against Defendants Ortiz, Heap, Simpkins, and Olin in their individual capacities; (2) that the claims against

---

[1] Colorado Department of Corrections

Defendants Ortiz and Stanley be dismissed for Plaintiff's failure to allege personal participation on their behalf; and (3) that the claims be dismissed for Plaintiff's failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act of 1995 (PLRA). I address each objection individually. In addition, I address whether Plaintiff's claims against Defendants Jamison and Jenks should be dismissed.

      A.      <u>Qualified Immunity of Defendants Ortiz, Heap, Simkins, and Olin</u>

Magistrate Judge Shaffer recommends that qualified immunity bars Plaintiff's claims against Defendants Ortiz, Heap, Simkins, and Olin in their individual capacities. Magistrate Judge Shaffer explains that, because Defendants Ortiz, Heap, Simkins, and Olin have asserted qualified immunity as an affirmative defense, Plaintiff must overcome a two-part burden. This burden requires the "Plaintiff to show (1) 'that the [D]efendant[s'] actions violated a constitutional or statutory right' and (2) that the right 'allegedly violated [was] clearly established at the time of the conduct at issue'." (Recommendation at 15 (quoting *Romero v. Bd of County Comm'r*, 60 F.3d 702, 704 (10th Cir. 1995)).)

Plaintiff objects to this recommendation for four reasons. First, Plaintiff objects because the "Recommendation assumes facts not in evidence." Plaintiff challenges three factual assertions made by Magistrate Judge Shaffer. These factual issues, as state by the Plaintiff, include: "(1) that the state district court ruled on the Parole Board's classification of the Plaintiff as a sex offender in the community, (2) that the Defendants have afforded the Plaintiff any due process regarding his classification outside prison, and (3) that the Defendants have relied upon the findings of the

-3-

administrative hearing on which his in-prison classification and treatment recommendation were based." (Objection at 3.) Upon review, I find that the record adequately supports the factual assertions made by Magistrate Judge Shaffer. Moreover, Plaintiff's objection fails to further address or satisfy his burden of showing how Defendants' actions violated a clearly established constitutional or statutory law.

Second, Plaintiff objects to the Recommendation by arguing that the "Recommendation construes the gravamen of the Amended Complaint too narrowly." (Objection at 4.) This objection is without merit. Plaintiff merely restates previous alleged claims. The record supports Magistrate Judge Shaffer's conclusion that Plaintiff failed to meet his burden with regard to the affirmative defense asserted by Defendants Ortiz, Heap, Simpkins, and Olin. Furthermore, this objection does not provide this Court with additional specific factual allegations in support of Plaintiff's claim.

Third, Plaintiff objects to the finding of qualified immunity for Defendants Ortiz, Heap, Simpkins, and Olin. This objection is also without merit. In this section of Plaintiff's Objection, Plaintiff attempts to meet the burden of showing that Defendants' actions violated constitutional or statutory rights and that these rights were clearly established at the time of the conduct; however, Plaintiff merely restates previous arguments and cites *Gwinn v. Awmiller*, 354 F.3d 1211 (10th Cir. 2004) for support.

In his Recommendation, Magistrate Judge Shaffer correctly states that Plaintiff's reliance on *Gwinn* is misplaced with regard to whether Plaintiff's due process rights were violated by Defendants' classification of Plaintiff as a sex offender in the

community. Magistrate Judge Shaffer explained that the court in *Gwinn* held "there was a lack of evidence precluding summary judgment on the issue of whether classifying a person on probation as a sex offender violated due process." (Recommendation at 16-17.) Furthermore, unlike the defendant in *Gwinn*, Plaintiff is not required to register as a sex offender nor is he claiming such requirement. Thus, the relevant facts in this case are substantially different from the facts in *Gwinn*. Magistrate Judge Shaffer correctly states that, with regard to Plaintiff's case, *Gwinn* merely "supports the notion that due process claims are factually specific." (Recommendation at 17.) Therefore, I find that Plaintiff's objections are without merit and fail to provide additional, specific and factual allegations to support his claim.

Lastly, Plaintiff objects that he is "entitled to some level of due process protections" because conditions of his parole infringe upon his protected liberty and/or property interests. This argument is similarly without merit because it simply restates Plaintiff's previous allegations and arguments. Further, Plaintiff does not provide additional information necessary to overcome his burden with regard to the qualified immunity of Defendants Ortiz, Heap, Simpkins, and Olin.

In sum, I agree with Magistrate Judge Shaffer's conclusion that "Plaintiff has failed to demonstrate how Defendants' actions violated a clearly established constitutional or statutory right." (Recommendation at 15.) Plaintiff asserts that the Defendants violated his due process rights by classifying him *in the community* as a sex offender based on "false, misleading, and unsubstantiated reports;" however, the Parole Board properly relied on Plaintiff's prior arrest as a 'peeping tom,' his arrest for

attempted sexual assault, and the results of a polygraph examination when it set the conditions of Plaintiff's parole.  Furthermore, I agree with Magistrate Judge Shaffer that Plaintiff failed to demonstrate how Defendants' actions violated a clearly established right with regard to his equal protection claim because "Plaintiff does not specifically identify the class of people treated differently."  (Recommendation at 19.)  Plaintiff failed to satisfy his burden through facts alleged and arguments made in his Objection.

Therefore, I affirm and adopt Magistrate Judge Shaffer's Recommendation that qualified immunity bars suit against Defendants Ortiz, Heap, Simpkins, and Olin in their individual capacities.

      B.    <u>Personal Participation of Defendants Ortiz and Stanley</u>

Magistrate Judge Shaffer recommends that Defendants' Motion to Dismiss be granted as to claims against Defendants Ortiz and Stanley because Ortiz and Stanley did not directly participate in the alleged violations.  Plaintiff objects to this finding.

Again, Plaintiff improperly relies on *Gwinn*.  Plaintiff asserts that *Gwinn* put Defendants Ortiz and Stanley on notice "that classifying an unadjudicated offender as a sex offender upon his release from prison implicated a liberty interest."  (Objection at 13.)  I disagree.  The court in *Gwinn* vacated the district court's grant of the defendants' motion for summary judgment regarding Mr. Gwinn's classification as a sex offender outside the prison walls.  *Gwinn*, 354 F.3d at 1223-24.  The *Gwinn* Court concluded that Mr. Gwinn had sufficiently alleged the implication of a liberty interest.  *Id.*  However, in the instant case, Plaintiff failed to sufficiently allege any implication of a liberty interest.  Furthermore, Plaintiff fails to offer any additional information pertaining

to the personal participation of Defendants Ortiz or Stanley.

Defendants Ortiz and Stanley cannot be held liable under 42 U.S.C. § 1983 because they were not directly involved in any alleged violations. Additionally, as per Magistrate Judge Shaffer's Recommendation and my earlier findings in Section A of this Order, Defendant Ortiz is entitled to qualified immunity and Defendant Stanley is entitled to absolute immunity. Therefore, Magistrate Judge Shaffer's Recommendation that Plaintiff's § 1983 claims against Defendants Ortiz and Stanley be dismissed for Plaintiff's failure to allege personal participation on their behalf is affirmed and adopted.

    C.    <u>Prison Litigation Reform Act (PLRA)</u>

Plaintiff objects to Magistrate Judge Shaffer's Recommendation to dismiss Plaintiff's claims for failure to exhaust administrative remedies pursuant to the PLRA. The Supreme Court recently held that failure to exhaust administrative remedies under the PLRA is an affirmative defense, rather than a pleading requirement. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Magistrate Judge Shaffer's Recommendation and Plaintiff's Objections were filed prior to this opinion. Applying the reasoning and conclusions of *Jones*, Plaintiff is not required to plead exhaustion in his Complaint. *Id.*

Plaintiff also objects to Magistrate Judge Shaffer's finding that § 1997e(e) of the PRLA requires Plaintiff to make a showing of physical injury in order to recover damages. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* A review of the record fails to show where Plaintiff asserts a claim for mental or emotional injury

or how this subsection is otherwise applicable to Plaintiff's claims.  Even if this subsection were to apply to Plaintiff's claims, it is clear that he has failed to allege any physical injury.

However, in light of my earlier findings regarding qualified immunity, the Magistrate Judge's Recommendation regarding the Eleventh Amendment and absolute immunity, and my finding that the Plaintiff has failed to allege sufficient personal participation of Defendants Ortiz and Stanley for purposes of his § 1983 claim, I need not address this objection further.  Accordingly, I affirm and adopt the Recommendation of Magistrate Judge Schaffer.

        D.      <u>Dismissal of Action Against Defendants Jamison and Jenks</u>

With regard to Plaintiff's claim against Defendants Jamison and Jenks, Magistrate Judge Shaffer ordered that Plaintiff show cause in writing why Plaintiff's claims against Defendants Jamison and Jenks should not be dismissed for failure to claim that they personally participated in the alleged violations.  Magistrate Judge Shaffer cautioned that Plaintiff's claims against Defendants Jamison and Jenks may be dismissed if Plaintiff failed to respond by December 13, 2006.

With regard to this issue, I find that dismissal of the actions against Defendants Jamison and Jenks is not proper at this time.  First, neither Defendant Jamison nor Defendant Jenks has moved for dismissal in this case.  Second, even though Plaintiff's response to Magistrate Judge Shaffer's Show Cause Order was not filed until December 26, 2006, Plaintiff did otherwise properly respond.  In viewing the facts and allegations in the light most favorable to Plaintiff, I find that it would be inappropriate to

dismiss Plaintiff's claims against Defendants Jamison and Jenks at this time.

### III.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge [# 72], filed November 22, 2006, is **AFFIRMED AND ADOPTED** as set forth in the Order. It is

FURTHER ORDERED that Defendants' Motion to Dismiss [# 47], filed July 3, 2007, is **GRANTED as follows:**

1. That Eleventh Amendment immunity bars suit against Defendants Ortiz, Stanley, Allen, Waters, Heap, Simpkins, and Olin in their official capacities;

2. That absolute immunity bars suit against Defendants Stanley, Allen, and Waters in their individual capacities;

3. That qualified immunity bars suit against Defendants Ortiz, Heap, Simpkins, and Olin in their individual capacities;

4. That Plaintiff's § 1983 claims against Defendants Ortiz and Stanley be dismissed for Plaintiff's failure to allege personal participation on their behalf;

5. That this action be dismissed against Defendants Ortiz, Stanley, Allen, Waters, Heap, Simpkins and Olin.

It is FURTHER ORDERED that the only claims that remain in this action are Plaintiff's claims against Defendants Jamison and Jenks.

Dated: March 20, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge