IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02658-WYD-CBS

CHARLES E. BRACK,
    Plaintiff,
v.

CINDY JAMISON, individually and in her official capacity;
JEFF JENKS, individually and in his official capacity,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Plaintiff's Motion to Order Payment of Costs and Damages Re Defendants Jamison and Jenks" (filed April 27, 2007) (doc. # 86). Pursuant to the Order of Reference dated May 16, 2006 (doc. # 47) and the memorandum dated April 27, 2007 (doc. # 87), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the nitre case file and the applicable law and is sufficiently advised in the premises.

    On March 20, 2007, Judge Daniel ordered "that the only claims that remain in this action are Plaintiff's claims against Defendant Jamison and Jenks." (*See* doc. # 82 at p. 9). On March 27, 2007, the court ordered and the Clerk of the Court entered default as to Defendants Jamison and Jenks.[1] By his Motion, Mr. Brack seeks to be

---

    [1] Defendant Jamison was a therapist with Progressive Therapy Systems, a mental health care provider that contracts with the CDOC, during the time period relevant to the Amended Complaint. Defendant Jenks was a polygrapher with Amich & Jenks, a polygraph provider that contracts with the CDOC, during the time period relevant to the Amended Complaint.

awarded damages and costs from Defendants Jamison and Jenks.

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the ‹sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001). *See also Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138, 1143 (D.C.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof"). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (*en banc*). In order to fulfill the court's obligation to ensure that damages are appropriately awarded, the court must do more than merely accept at face value the movant's statement of damages. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997) (court could not just accept plaintiff's statement of the damages, as this did not satisfy court's obligation to ensure that the damages were appropriate) (citations omitted). A plaintiff "cannot satisfy the certainty requirement simply by requesting a specific amount. Plaintiff must also establish that the amount requested is reasonable under the circumstances." 10 Federal Prac. & Proc. Civil 3d § 2683 at 24 (1998).

Mr. Brack has not moved for a default judgment and is not entitled to the damages and costs he seeks on the basis of the Clerk's entry of default alone. Accordingly,

IT IS ORDERED that "Plaintiff's Motion to Order Payment of Costs and Damages

Re Defendants Jamison and Jenks" (filed April 27, 2007) (doc. # 86) is DENIED.

DATED at Denver, Colorado this 2nd day of May, 2007.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge