IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02658-WYD-CBS

CHARLES E. BRACK,
    Plaintiff,
v.

CINDY JAMISON, and
JEFF JENKS,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Brack's "Motion for Default Judgment Re Defendants Jamison and Jenks" (filed July 31, 2007) (doc. # 93). Pursuant to the Order of Reference dated May 16, 2006 (doc. # 26) and the memorandum dated July 31, 2007 (doc. # 94), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Brack is a convicted felon previously incarcerated in the Colorado Department of Corrections ("CDOC") and is currently a parolee. Proceeding pro se, Mr. Brack filed this civil action pursuant to 42 U.S.C. § 1983 on or about December 29, 2005, alleging violation of his due process and equal protection rights based on his

classification as a sex offender, his supervision upon parole, and the revocation of his parole. (*See* Amended Complaint (doc. # 18)). Mr. Brack named nine Defendants, including Defendants Jamison and Jenks. During the relevant time period, Defendant Jamison was a therapist with Progressive Therapy Systems, a mental health care provider that contracts with the CDOC. (*See* Amended Complaint (doc. # 18) at p. 3 of 15). Defendant Jenks was a polygrapher with Amich & Jenks, a polygraph provider that contracts with the CDOC. (*See id.*). Mr. Brack alleges that the challenged parole decisions were based upon reports prepared by Defendants Jamison and Jenks. (*See* Amended Complaint (doc. # 18) at pp. 10, 12 of 15; "Plaintiff's Response to Magistrate Judge's Order to Show Cause Re Defendants Jamison and Jenks" (doc. # 78) at pp. 3, 5 of 6).

On November 22, 2006, the Magistrate Judge recommended that Defendants' Motion to Dismiss (doc. # 47) be granted and Mr. Brack's claims be dismissed as against the Defendants who had filed the Motion to Dismiss. Defendants Jamison and Jenks had not joined the Motion to Dismiss. The Magistrate Judge further ordered Mr. Brack to show cause why Defendants Jamison and Jenks should not be dismissed. (*See* doc. # 72 at pp. 27-28). Mr. Brack responded on December 26, 2006. (*See* doc. # 78). On March 20, 2007, District Judge Daniel dismissed this civil action as to all Defendants except Jamison and Jenks. (*See* "Order Affirming and Adopting the Recommendation of the United States Magistrate Judge" (doc. # 82) at pp. 8-9).

On March 27, 2007, the Clerk of the Court entered default against Defendants Jamison and Jenks pursuant to Fed. R. Civ. P. 55(a). (*See* docs. # 84 and # 85). On

April 27, 2007, Mr. Brack sought an order for damages and costs against Defendants Jamison and Jenks.  (*See* doc. # 86).  The court denied Mr. Brack's request on May 2, 2007, indicating that the entry of default alone did not provide a basis for entering a judgment for damages against Defendants Jamison and Jenks.  (*See* doc. # 88).  On June 25, 2007, the court ordered Mr. Brack to show cause why this civil action should not be dismissed as to the last remaining Defendants Jamison and Jenks for failure to prosecute.  (*See* doc. # 89).  On July 31, 2007, Mr. Brack filed the instant Motion for Default Judgment.

II.     Standard of Review

Default judgment may enter against a party who fails to appear or otherwise defend.  Pursuant to Fed. R. Civ. P. 55(b), judgment by default may be entered:

> **(2) By the Court.**  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and accord a right of trial by jury to the parties when and as required by any statute of the United States.

III.    Analysis

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the ‹sound judicial discretion' of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001). In its discretion, the court recommends that Mr. Brack's Motion for Default Judgment against Defendants Jamison and Jenks be denied.

First, Mr. Brack has not met his burden of proof on a motion for default judgment. Mr. Brack has not presented evidence that Defendants Jamison and Jenks are individuals and are not infants or incompetent persons, as required by Fed. R. Civ. P. 55(b)(2), or currently in military service.

Second, "upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof." *Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138, 1143 (D.C.N.C. 1986). *See also DirecTV, Inc. v. Malizie*, 2004 WL 1682793 (W.D.N.Y. 2004) ("Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment."). Mr. Brack appears to name all Defendants in Claim One. (*See* Amended Complaint (doc. # 18) at p. 6 of 15). In Claims Five and Seven, Mr. Brack alleges that the decision-making Defendants relied on reports prepared by Defendants Jamison and Jenks. (*See* Amended Complaint (doc. # 18) at pp. 10, 12 of 15). Mr. Brack has not named Defendants Jamison and Jenks in any of his other Claims. (*See* Amended Complaint (doc. # 18) at pp. 7-9, 11-12 of 15).

The District Judge has determined that the allegations of the Amended Complaint did not support a finding of liability against the other seven Defendants. District Judge Daniel concluded that Mr. Brack's Amended Complaint "failed to demonstrate how Defendants' actions violated a clearly established constitutional or statutory right." (*See* "Order Affirming and Adopting the Recommendation of the United States Magistrate Judge" (doc. # 82) at p. 5).  As Mr. Brack's Amended Complaint has been determined to lack a legal basis for relief or allegations that are susceptible of proof, he is not entitled to a determination of liability and a judgment for damages against Defendants Jamison and Jenks

Third, the burden is on the plaintiff to establish entitlement to recovery of damages against a defaulting defendant. *See Clague v. Bednarski*, 105 F.R.D. 552 (E.D.N.Y.1985).  Damages must be established by proof, unless they are either susceptible of mathematical computation or liquidated as of the default. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).  Although Defendants Jamison and Jenks have failed to contest Mr. Brack's claim for damages, the court must still determine that there is a basis for the damages sought.  Mr. Brack's conclusory affidavit fails to establish a basis for the damages he seeks.

In sum, IT IS RECOMMENDED that:

1.   Mr. Brack's "Motion for Default Judgment Re Defendants Jamison and Jenks" (filed July 31, 2007) (doc. # 93) be DENIED.

2.   This civil action be dismissed as to the only remaining Defendants,

Jamison and Jenks, based on the court's previous determination that Mr. Brack's Amended Complaint lacks a legal basis for relief.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right

to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 19th day of September, 2007.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge